IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JERRY D. GLENN, | Criminal No. 18-00062 HG-01 |
| Petitioner, | Civil No. 25-00429 HG-RT |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**ORDER DENYING PETITIONER JERRY D. GLENN'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 135)**

**and**

**DENYING A CERTIFICATE OF APPEALABILITY**

**and**

**DENYING DEFENDANT JERRY D. GLENN'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES (ECF No. 135)**

On September 30, 2019, Petitioner Jerry D. Glenn was sentenced to 200 months imprisonment following his guilty plea to one count of conspiracy to distribute and possess 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

Petitioner's Judgment became final on February 19, 2020.

More than five years later, on October 6, 2025, Petitioner Glenn has filed a Motion seeking to vacate his sentence pursuant

1

to 28 U.S.C. § 2255.  Petitioner's Motion is untimely and without merit.

Petitioner's Section 2255 Motion (ECF No. 135) is **DENIED**.

A certificate of appealability is **DENIED**.

In addition, Petitioner Glenn's Motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Petitioner failed to exhaust his administrative remedies with the Bureau of Prisons prior to filing his request for compassionate release.

Petitioner's Motion for Compassionate Release (ECF No. 135) is **DENIED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

## PROCEDURAL HISTORY

### I.  Indictment, Guilty Plea, And Sentencing

On March 13, 2018, at the age of 51, Petitioner Jerry D. Glenn was arrested in Sacramento, California.  (Presentence Report ¶ 2, ECF No. 80).

On May 4, 2018, Petitioner made his initial appearance in Honolulu, Hawaii, and was ordered detained pending trial.  (ECF No. 19).

On May 10, 2018, the grand jury returned an Indictment charging Petitioner Jerry Glenn and a co-defendant with various crimes related to drug trafficking.  Petitioner was charged in four counts:

> **Count 1**: Defendant knowingly and intentionally conspired to distribute, 50 grams or more of methamphetamine, to wit: approximately 5,078 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).
>
> **Count 3**: On or about November 23, 2016, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 447 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A).
>
> **Count 6**: On or about January 17, 2017, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 443 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).
>
> **Count 7**: On or about January 18, 2017, Defendant knowingly and intentionally distributed 50 grams or more of methamphetamine, to wit: approximately 427 grams of methamphetamine, its salts, isomers, and salts of isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

(Indictment, ECF No. 25).

On February 20, 2019, Petitioner entered into a plea agreement and pled guilty to Count 1 of the Indictment. (ECF Nos. 53, 55).

On September 24, 2019, Petitioner appeared for sentencing. (ECF No. 85).

Petitioner's base offense level was calculated at 38 based on the drug quantity table under U.S.S.G. § 2D1.1(c)(1). (Presentence Report at ¶ 48, ECF No. 80). Petitioner was responsible for 5.078 kilograms of "ice." (<u>Id.</u>)

3

Petitioner received a 2-level reduction for acceptance of responsibility and a 1-level reduction for timely notifying the Government of his intention to plead guilty. (Id. at ¶¶ 55-56).

Petitioner's total offense level was 35. (Id. at ¶ 57).

Petitioner's Criminal History Computation was based on his extensive criminal history that included 17 adult convictions. (Id. at ¶¶ 61-77). Petitioner's criminal convictions resulted in a subtotal criminal history score of 27. (Id. at ¶ 78). In addition, Petitioner received 2 additional criminal history points because Petitioner committed the instant offense while Defendant was on probation for a conviction for Grand Theft from San Joaquin County Superior Court in Case No. CR 2016-0001386. (Id. at ¶ 79). As a result Petitioner's total criminal history score was 29. (Id. at ¶ 80). Petitioner was therefore placed in Criminal History Category VI based on his total criminal history score of 29. (Id.)

Petitioner's guideline range was 292 to 365 months imprisonment. (Id.) He was sentenced to 200 months imprisonment, and ten years of supervised release. (Judgment, ECF No. 86).

On September 30, 2019, Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (ECF No. 88).

On November 20, 2019, the Ninth Circuit Court of Appeals granted Petitioner's Motion for Dismissal of his appeal and

4

issued the mandate.  (ECF No. 97).

Petitioner did not seek review by the United States Supreme Court.

On May 19, 2020, Petitioner, pro se, filed a motion entitled "Motion for Compassionate Release (CR) and or Reduction in Sentence (RIS) Under Title 18 § 4205 and 3582."  (ECF No. 105).

On May 21, 2020, the Court denied Petitioner's Motion for failure to meet the statutory exhaustion requirement.  (ECF No. 106).  The Court identified additional issues Petitioner should address if he chose to file a new motion after meeting the exhaustion requirement.  (Id.)

On July 23, 2020, Petitioner, through counsel, filed a motion entitled, "Motion for Reduction in Sentence (Compassionate Release)."  (ECF No. 109).

On October 26, 2020, the Court issued an ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE)."  (ECF No. 117).

On October 6, 2025, Petitioner filed a document entitled "Motion to Vacate Pursuant to 28 U.S.C. § 2255."  (ECF No. 135).  The Motion also requests Compassionate Release pursuant to 18 U.S.C. § 3582(c)(2).  (Id.)

On October 7, 2025, the Court issued a briefing schedule. (ECF No. 136).

On October 14, 2025, Defendant filed a document entitled,

"MOTION FOR THE TWO POINT REDUCTION."  (ECF No. 138).

Petitioner's Motion for Two Point Reduction is addressed in a separate order.

On November 5, 2025, the Government filed a Motion for Extension of Time to File Response to Petitioner's 2255 Motion.  (ECF No. 140).

On November 6, 2025, the Court granted the Government's Motion for Extension of Time.  (ECF No. 141).

On November 21, 2025, the Government filed its Opposition to Petitioner's Section 2255 Motion.  (ECF No. 143).

Petitioner did not file a Reply to the Government's Opposition.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if it was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A prisoner may file a motion ("2255 Motion") to vacate, set aside,

6

or correct a sentence.  28 U.S.C. § 2255.

The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

28 U.S.C. § 2255 provides a one-year limitation period for filing a petition for habeas corpus relief.  The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute.  28 U.S.C. § 2255(f).

## **ANALYSIS**

Petitioner Jerry D. Glenn has filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 135).  Petitioner challenges his sentence of 200 months imprisonment, asserting his sentence should be lowered based on purported Amendments to the United States Sentencing Guidelines in 2025.

**I.   Petitioner's Section 2255 Motion is Untimely**

Section 2255 Motions are subject to a one-year statute of limitations that begins running from the date the judgment became final.  28 U.S.C. § 2255(f).

On September 30, 2019, Judgment was entered.  (ECF No. 86).

On November 20, 2019, Petitioner's appeal was dismissed and the mandate was issued by the Ninth Circuit Court of Appeals.

Petitioner did not seek review from the United States Supreme Court. Petitioner's Judgment became final and the one-year limitations period for seeking habeas relief pursuant to Section 2255 began to run when Petitioner's time for seeking a writ of certiorari expired on or about February 19, 2020. See Clay v. United States, 537 U.S. 522, 532 (2003).

AEDPA's one-year statute of limitations for Petitioner to file a Section 2255 Motion expired on or about February 19, 2021.

On October 6, 2025, Petitioner filed his Section 2255 Motion. (ECF No. 135). His Motion was filed more than five years after his Judgment became final and well after the one-year time limit imposed by AEDPA.

Petitioner argues that his Motion should be deemed timely filed because it is based on alleged amendments to the United States Sentencing Guidelines in 2025.

Amendments to the United States Sentencing Guidelines do not provide a basis to toll AEDPA's statute of limitations or "restart the clock" to file a Section 2255 Motion. See United States v. Andrade, 2017 WL 35498, *2 (E.D. Cal. Jan. 3, 2017) (collecting cases).

Petitioner has not shown that he is entitled to equitable tolling of AEDPA's one-year statute of limitations. See United

8

States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011).

Petitioner's Section 2255 Motion is untimely, and he is not entitled to habeas relief. 28 U.S.C. § 2255(f).

## II. Petitioner's Section 2255 Motion Is Without Merit

Even if Petitioner's 2255 Motion was timely, in the interests of thoroughness and finality, the Court addresses Petitioner's claim that his sentence should be reduced pursuant to the 2025 Amendments to the United States Sentencing Guidelines.

As the Government explains in its Opposition, none of the 2025 Amendments apply to alter Defendant's sentence. Petitioner claims that a purported "Amendment 212" applies to his case, but no such amendment exists.

In addition, Petitioner argues that there was a change to the leadership role enhancement in the Sentencing Guidelines. Petitioner's sentence was not enhanced based on a leadership role. Any amendment to the leadership enhancement in the United States Sentencing Guidelines would not alter Petitioner's sentencing guidelines.

The Court has issued a different order where it addresses Petitioner's separate Motion requesting a reduction in sentence pursuant to Amendment 821 to the United States Sentencing Guidelines that went into effect on November 1, 2023. As

9

explained in the Order, Amendment 821 did not lower Petitioner's sentencing guidelines and there is no basis to reduce Petitioner's sentence pursuant to Amendment 821.

Petitioner's Section 2255 Motion is both untimely and without merit.

Petitioner's Section 2255 Motion (ECF No. 135) is **DENIED.**

Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing that he was deprived of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

A certificate of appealability is **DENIED.**

### III. Motions For Compassionate Release Must Be Administratively Exhausted With The Bureau Of Prisons

The First Step Act of 2018 allows a defendant to file a motion in district court for a reduction in sentence based on compassionate release after the defendant has first administratively exhausted his request with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

A defendant seeking a reduction of his sentence based on compassionate release bears the burden to establish that he has exhausted his administrative remedies before filing such a motion with the Court. See United States v. De Aquino, 2025 WL 615346, *2 (D. Ore. Feb. 25, 2025).

Section 3582(c)(1)(A)'s administrative exhaustion

requirement is a "mandatory claim-processing rule" and may not be excused. United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

Petitioner's October 6, 2025 Motion appears to request compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The filing, however, does not provide any evidence that he administratively exhausted his remedies with the Bureau of Prisons before seeking relief from this Court. Administrative exhaustion is mandatory.

Petitioner's Motion for Compassionate Release (ECF No. 135) is **DENIED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

//

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

Petitioner Jerry D. Glenn's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 135) is **DENIED.**

A Certificate of Appealability is **DENIED.**

Petitioner's Motion for Compassionate Release (ECF No. 135) is **DENIED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

This Clerk of Court is **ORDERED** to enter **Judgment** in favor of the Respondent United States of America and **CLOSE THE CIVIL CASE** No. 25-00429 HG-RT.

IT IS SO ORDERED.

DATED: January 12, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Jerry D. Glenn v. United States of America; Cr. No. 18-00062 HG-01; Cv. No. 25-00429 HG-RT; **ORDER DENYING PETITIONER JERRY D. GLENN'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 135) and DENYING A CERTIFICATE OF APPEALABILITY and DENYING DEFENDANT JERRY D. GLENN'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES (ECF No. 135)**